IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JIMMIE R. ECKWORTZEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SANDY CROSSMAN and<br>CLEO TRAVIS,<br><br>　　　　　Defendants. | )<br>)<br>)　Case No. CV 07-497-C-EJL-CWD<br>)<br>)　**REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

**REPORT**

The Court has before it pro se Plaintiff Jimmie Eckwortzel's ("Eckwortzel") Motion to Remand (Docket No. 9) and Defendants' motions for summary judgment (Docket Nos. 14, 22). Eckwortzel filed this action against Defendant Cleo Travis ("Travis"), a Sterling Bank employee, and Defendant Sandy Crossman ("Crossman"), an employee with the Internal Revenue Service ("IRS"), seeking the return of $4,276.40 withdrawn from his bank account pursuant to a federal tax levy. Having carefully reviewed the record and the parties' briefs, the Court enters the following Report and Recommendation.[1]

---

[1] The Court finds the motions suitable for disposition without oral argument pursuant to Dist. Idaho Loc. Civ. R. 7.1(d)(2). The hearing currently set for May 29, 2008, to hear all pending motions will be vacated.

REPORT AND RECOMMENDATION - 1

# I.
# Background and Facts.[2]

According to records of the IRS, Eckwortzel failed to file income tax returns for seven years between 1994 and 2003, and when he did file a return in 1997, failed to pay income tax due.  Aff. of Crossman ¶¶ 4-5, Docket No. 19.  The IRS asserts that Eckwortzel now owes over $310,000.00 in outstanding tax liability, penalties and interest.  Initial notices and demands for payment were sent to Eckwortzel once each of his tax liabilities were assessed.  Aff. of Crossman ¶ 7, Docket No. 19.  In August 2005 and February 2006, the IRS filed Notices of Federal Tax Liens.  Aff. of Crossman ¶ 8, Docket No. 19.  When several final notices and demands went unheeded, on April 16, 2007, the IRS sent Eckwortzel a warning of enforcement concerning his income tax liabilities.  Aff. of Crossman ¶ 10-14, Docket No. 19.  Eckwortzel responded with a letter dated June 1, 2007, addressed to Crossman, denying that he had any tax liability and refusing to acknowledge the IRS letters until his questions were answered.  Aff. of Crossman Ex. 8, Docket No. 19.  According to Crossman, Eckwortzel has never paid any taxes due, sought an alternate payment arrangement or administrative hearing, or provided any basis for his failure to pay income taxes other than simply denying tax liability.  Aff. of Crossman ¶ 16, Docket No. 19.

When the IRS learned Eckwortzel maintained a bank account at Sterling Savings Bank, it issued a Notice of Levy to the bank on October 11, 2007.  In response to the Notice of Levy, the IRS received a check from Sterling Savings Bank made payable to the United States Treasury in

---

[2] The relevant facts do not appear to be in dispute.  Eckwortzel did not file a statement of disputed facts.  The Court did provide Eckwortzel with the required notice to pro se litigants explaining how to respond to a motion for summary judgment.  Docket No. 24.

**REPORT AND RECOMMENDATION - 2**

the amount of $4,276.40 and the IRS applied that amount to Eckwortzel's outstanding tax liability.  Aff. of Crossman ¶¶ 17-18, Ex. 9, Docket No. 19.

Thereafter, Eckwortzel filed suit on October 30, 2007, in the small claims division of the Second Judicial District Court of the State of Idaho against Crossman and Cleo Travis, a Sterling Savings Bank employee.  Docket No. 1.  Eckwortzel demanded return of the $4,276.40, claiming "lack of due process–no court order signed by judge."  Notice of Removal, Ex. A, Docket No. 1.  Both defendants were served with the summons and complaint by personal service.  Notice of Removal, Ex. B, Docket No. 1.  On November 20, 2007, the United States, on behalf of revenue officer Crossman, filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1).  Both defendants have filed answers asserting as a defense the failure to state a claim for relief against them.  Docket No. 1, Ex. B; Docket No. 13.

Eckwortzel argues his case should continue in small claims court because he did not "consent" to be sued in Federal District Court.  Defendant Crossman and Defendant Travis both contend in their motions that Eckwortzel's complaint fails to state a claim for relief against them.  Travis further asserts that, pursuant to the Internal Revenue Code, she is immune from liability for complying with the IRS levy.

**REPORT AND RECOMMENDATION - 3**

## II.
## Discussion

**A.    Eckwortzel's Motion to Remand.**

In response to the notice of removal, Eckwortzel filed a document entitled "Praecipe to Court Clerk Cameron Burke" commanding the clerk to "remand the kidnapped [sic] case . . . to its proper jurisdiction, the Small Claim Department in the State of Idaho." Docket No. 9. It was therefore filed by the Clerk's office as a motion for remand. From what can be discerned, Eckwortzel contends that he did not "contract" with this Court nor consent to allow the United States to become a party to the lawsuit. Docket No. 9. In its reply, the government asserts that its Notice of Removal was proper under 28 U.S.C. § 1442 because Eckwortzel sued a federal employee acting in her official capacity.

28 U.S.C. § 1442(a)(1) allows a case commenced in state court to be removed to the federal district court of the district where the action is pending if the suit is against any officer of the United States or of any agency thereof, when that person "is sued in an official or individual capacity for any act under color of such office or on account of . . . the collection of the revenue." The statute is "broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). The purpose of the statute is "to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties." *Swett*, 792 F.2d at 1450. The right of removal is "absolute for conduct performed under color of federal office." *Id*.

Removal was proper in this case. Defendant Crossman stated that she is employed as a Revenue Officer for the Internal Revenue Service ("IRS"). Aff. of Crossman, ¶1, Docket No.

**REPORT AND RECOMMENDATION - 4**

19. Eckwortzel brought the action against Crossman because of her actions on behalf of the IRS in collecting tax revenue owed and for which Eckwortzel now seeks reimbursement. Eckwortzel has not presented any evidence to contradict these facts.

A motion to remand may be brought under 28 U.S.C. § 1447(c) on the grounds of a defect in the removal process or if the district court lacks subject matter jurisdiction. *Burnett v. Godshall*, 828 F.Supp. 1439, 1444 (N.D. Cal. 1993), *aff'd*, *Burnett v. Lockheed Missiles & Space Co., Inc.*, 72 F.3d 766 (9th Cir. 1995). The party invoking removal jurisdiction bears the burden of proving the federal nature of the claim in support of removal. *Burnett*, 823 F.Supp. at 1444 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Since Eckwortzel has not challenged the procedural aspects of removal by the United States, such as tardy filing or defects in form or content, the question for the Court is whether Plaintiff's claims are state law claims or are preempted by federal law.

Eckwortzel's suit is founded in federal law. He seeks return of money taken by the IRS in satisfaction of his tax liability, a claim arising under the Internal Revenue Code. He has sued a federal government employee acting in her official capacity, which is essentially a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The Court therefore has no discretion to remand. *Ryan v. State Board of Elections*, 661 F.2d 1130, 1133 (7th Cir. 1981) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336 (1976)). Eckwortzel's motion to remand should therefore be denied.

B.	Legal Standards Governing Motions for Summary Judgment.

Motions for summary judgment are governed by Fed. R. Civ. P. 56.[3]  Rule 56 provides in pertinent part that judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A moving party who does not bear the burden of proof at trial may show that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the non-moving party's case."  *Celotex Corp v. Catrett*, 477 U.S. 317, 325 (1986).  Once the moving party meets the requirement of Rule 56 by either showing that no genuine issue of material fact remains or that there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  It is not enough for the [non-moving] party to "rest on mere allegations or denials of his pleadings."  *Id.*  Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Id.* at 250.  "When determining if a genuine factual issue . . . exists, . . . a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability."  *Id.* at 254.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

---

[3] Motions to dismiss for failure to state a claim are properly treated as motions for summary judgment when matters outside the pleadings are presented to and not excluded by the Court.  Fed. R. Civ. P. 12(d).  Defendants' motions present factual material in support of their requests for dismissal, and are therefore properly brought as motions for summary judgment.

In determining whether a material fact exists, facts and inferences must be viewed most favorably to the non-moving party. To deny the motion, the Court need only conclude that a result other than that proposed by the moving party is possible under the facts and applicable law. *Aronsen v. Crown Zellerbach,* 662 F.2d 584, 591(9th Cir. 1981). However, the Ninth Circuit has emphasized that summary judgment may not be avoided merely because there is some purported factual dispute, but only when there is a "genuine issue of material fact." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 500 (9th Cir. 1992). The Ninth Circuit has found that, to resist a motion for summary judgment,

> the non-moving party: (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distrib. Ltd. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir. 1989).

## C.  Crossman's Motion for Summary Judgment.

Crossman asserts three arguments in support of her motion for summary judgment. First, she asserts that the United States is the proper party defendant in this case, not her. As such, she next asserts that the Court lacks jurisdiction in this matter because the United States is immune from suit under the doctrine of sovereign immunity, and the tax court is the proper forum. Finally, the United States asserts it was not properly serviced with the summons and complaint.

### 1. Jurisdiction.

Crossman's actions concern her activities taken in the course of investigating and collecting unpaid taxes, penalties and interest from Eckwortzel. Eckwortzel claims a lack of procedural due process during these collection efforts, asserting that there should have been a court order signed by a judge and that he did not consent to be sued in Federal District Court. The Court agrees with Crossman that the lawsuit is essentially a suit against the United States, and summary judgment should therefore be granted on the grounds of lack of subject matter jurisdiction and sovereign immunity.

The Ninth Circuit Court of Appeals explained in *Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir.1985):

> It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required . . . .
>
> Naming the three [individual IRS employees] as defendants does not keep this action from being a suit against the United States. It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. Thus, a suit against IRS employees in their official capacity is essentially a suit against the United States. As such, absent express *statutory* consent to sue, dismissal is required.

*Id.* at 1458 (emphasis added).

In this case, Eckwortzel has not alleged any statutory basis for conferring the Court with subject matter jurisdiction over the action against either Crossman or the United States. To the extent Eckwortzel claims that he is due a refund or that the funds were wrongfully assessed and levied upon, these actions are governed by 26 U.S.C. § 7422 (civil action for refund) and 26

**REPORT AND RECOMMENDATION - 8**

U.S.C. § 7426 (for wrongful levy).  *See also Chapin v. Hutton*, 1999 WL 550237 at *2 (D. Idaho June 22, 1999) (dismissing case against revenue agents and substituting United States as the proper party in a claim for a tax refund).  Both statutes bar suits against individual employees of the IRS and require substitution of the United States.  *See* 26 U.S.C. § 7422(c), (f) and 26 U.S.C. § 7426(d), (e).  *See also* 26 U.S.C. § 7432 and *Kersting v. United States*, 818 F. Supp. 297 (D. Hawaii, 1992) (claim for damages for filing unauthorized tax lien cannot be maintained against individual agents).

Once the United States is substituted, it is similarly clear that the action cannot be maintained against it under the facts of this case.  Under these facts, Eckwortzel could conceivably be asserting a claim for refund or wrongful levy.  But 26 U.S.C. § 7422 authorizes a suit for refund only after the tax has been paid and an administrative claim seeking a refund has been filed, while 26 U.S.C. § 7426 requires exhaustion of administrative remedies before a suit may be brought for wrongful levy.  26 U.S.C. §§ 7422(a), (g)(1)(A), 7426(h)(2).  There is no evidence in the record that Eckwortzel has either paid his disputed tax liability or filed an administrative action.  Accordingly, the Court lacks subject matter jurisdiction over Eckwortzel's claim.  *See Noll v. Peterson*, 2001 WL 721733 at *4 n.2 (D. Idaho May 14, 2001) (explaining that because the taxpayer had not filed an administrative claim or paid the tax prior to brining his suit for refund, the court lacked subject matter jurisdiction under 26 U.S.C. § 7422 to entertain the suit).

### **2.    Due Process.**

In his complaint and other filings, Eckwortzel suggests that he believes he was denied procedural due process.  He contends that there should have been a court order signed by a judge

**REPORT AND RECOMMENDATION - 9**

before the IRS could levy upon his bank account. However, delinquent taxpayers have no constitutional right to a pre-levy hearing. *Bothke v. Fluor Eng'rs. & Constructors, Inc.*, 834 F.2d 804, 816 (9th Cir. 1987). To the extent Eckwortzel claims a violation of his due process rights, 26 U.S.C. § 6330 provides the exclusive mechanism for challenging a tax levy. Section 6330 requires the IRS to provide notice of a taxpayer's rights upon receiving a notice of levy. 26 U.S.C. § 6330(a). It also enumerates a taxpayer's right to a hearing and right to appeal the decision to the tax court. 26 U.S.C. § 6330(b), (d). These provisions constitute a limited waiver of the Government's sovereign immunity and provide a process whereby a taxpayer can seek judicial review of an IRS determination in a statutory due process hearing. *Torczon v. Sage*, 2007 WL 2572134 at *1 (D. Idaho Sept. 4, 2007).

Here, Eckwortzel did not avail himself of the due process rights afforded him by 26 U.S.C. § 6330 and explained to him in the notices of levy sent on August 29, 2000, March 4, 2005, and again on April 16, 2007. Therefore, Eckwortzel cannot now complain that he was denied due process. Absent participation in the procedural process afforded him by Section 6330 prior to filing suit against Crossman, this Court lacks jurisdiction over his claim. *Torczon v. Sage*, 2007 WL 2572134 at *1 (D. Idaho Sept. 4, 2007) (explaining that the court lacked subject matter jurisdiction when the 30 day time limit provided by Section 6330 for seeking judicial review had not been followed); *Hillecke v. United States*, 2007 WL 1630908 at *3 (D. Or. Apr. 12, 2007) (explaining that the court lacked subject matter jurisdiction when the taxpayer failed to avail himself of the remedies provided by Section 6330 of the Internal Revenue Code); *Chapin v. Hutton*, 1999 WL 550237 at *3 (D. Idaho June 22, 1999) (stating that "[t]he

requirement that a claim for a refund be filed is jurisdictional and cannot be waived," and dismissing the taxpayer's suit).

Even if the Court construed Eckwortzel's claim as one for damages under the *Bivens* doctrine, it would similarly fail. In *Bivens*, the United States Supreme Court recognized that the doctrine of sovereign immunity does not bar damage actions against federal officials in their individual capacities for alleged violations of an individual's constitutional rights. *Noll v. Peterson*, 2001 WL 721733 at *3 (citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)). The Court in *Noll* recognized that the taxpayers in that case asserted *Bivens* claims against named IRS agents based upon alleged misconduct in investigating and attempting to collect unpaid taxes in violation of their right to due process. In *Noll*, the court dismissed the taxpayers' claims based upon the holding in *Wages v. Internal Revenue Service*, 915 F.2d 1230 (9th Cir. 1990). *Wages* held that the courts "have never recognized a constitutional violation arising from the collection of taxes" because the remedies Congress provided under the Internal Revenue Code, "particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation." *Wages*, 915 F.2d at 1235.

To the extent that Eckwortzel claims that he was denied due process or that Crossman committed misconduct that violated his right to due process, the holdings in *Torczon v. Sage* and *Wages v. Internal Revenue Service* foreclose Eckwortzel's claim as a matter of law.

### 3. Service of Process.

Summary judgment may also be granted to Crossman and the United States for insufficient service of process. Crossman received a copy of Eckwortzel's summons and complaint via personal service. Assuming Eckwortzel intended to sue Crossman individually,

Fed. R. Civ. P. 4(i)(3) states that to serve a United States officer or employee in an individual capacity, the party must also serve the United States. To serve the United States, a plaintiff must deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought or send a copy by registered or certified mail to the civil-process clerk at the United States attorney's office; and also send a copy by registered or certified mail to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A), (B). There is no evidence that the United States was served in accordance with Rule 4, and summary judgment may also be granted for insufficient service of process.

### 4.    Eckwortzel's Other Arguments.

Eckwortzel does not contest in his response memorandum any of the arguments made by Crossman or Travis in support of summary judgment. Instead, he raises additional arguments commonly used by tax protesters, all of which are frivolous and unavailing. His arguments include the following: (1) Congress repealed and never re-enacted the Internal Revenue Laws; (2) there is no Commissioner of Internal Revenue and the IRS is not an agency of the United States; (3) the Department of the Treasury is prohibited from collecting taxes due to the taxing authority being vested in Congress; (4) the federal government lacks jurisdiction to collect taxes outside of the District of Columbia and Puerto Rico; (5) Crossman committed the crime of "uttering" by using a prohibited seal; (6) the Internal Revenue Code only applies to territories of the United States; (7) the filing of Form 1040 income tax forms is voluntary; (8) Form 1040 violates the Paperwork Reduction Act; and (9) only persons born in the District of Columbia are "citizens" subject to income tax.

The defendant in *U.S. v. Hansen*, 2006 WL 4075446 (S.D. Cal. Dec. 13, 2006), prosecuted for advancing a program to avoid federal income tax liability, made similar arguments and lost. In its opinion, the court stated:

> None of these arguments have ever been recognized as legitimately insulating individuals from federal taxation, but instead have been repeatedly rejected by the courts. Courts have, on numerous occasions, concluded that the [Internal Revenue Code] imposes a tax on all income, wages are income, paying taxes is not voluntary, and paying taxes is not limited to federal enclaves or federal employees. [*In re*] *Becraft*, 885 F.2d [547,] 548 n.2 [(9th Cir. 1989)]; *Wilcox v. Comm'r of Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir. 1988); [*U.S. v.*] *Sloan*, 939 F.2d [499,] 500-01 [(7th Cir. 1991)]. The Sixteenth Amendment to the United States Constitution authorizes the United States Congress to impose a federal income tax on citizens and residents of the United States. *Wilcox*, 848 F.2d at 1008 n.3. "Like it or not, the Internal Revenue Code is the law." *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir.1985).

*U.S. v. Hansen*, 2006 WL 4075446 at *8. The Court agrees with the Government that Eckwortzel's arguments are similarly unavailing, and are rejected.

**D.    Travis's Motion for Summary Judgment.**

In addition to joining the arguments and factual representations made by the United States in support of Crossman's motion, Travis makes the additional argument that she is immune from liability under 26 U.S.C. § 6332(e) for honoring the IRS levy. Mem. at 4, Docket No. 23.[4] That section states that "any person in possession of . . . property . . . subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property . . . ." 26 U.S.C. § 6332(a). If a person "fails or refuses to surrender any property . . . subject to levy, upon demand by the Secretary," that person becomes personally liable. 26

---

[4] Eckwortzel did not respond separately to Travis's motion.

**REPORT AND RECOMMENDATION - 13**

U.S.C. § 6332(d)(1). By surrendering the property, the individual "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property. . . ." 26 U.S.C. § 6332(e). Courts have interpreted Section 6332 generously. *Farr v. U.S.*, 990 F.2d 451, 456 (9th Cir. 1993).

In this case, there is no issue of fact for trial. It is proper to grant Travis's motion for summary judgment and dismiss Eckwortzel's claim against Travis for responding to the IRS levy. *Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1223 (10th Cir. 1998) (holding that a trust company holding funds for a taxpayer in an individual retirement account was immune from liability and had a complete defense for any claims against it for honoring an IRS tax levy); *U.S. v. Hemmen*, 51 F.3d 883, 888 n.3 (9th Cir. 1995) (stating that Section 6332(3) provides a third party with an absolute defense against a claim by a delinquent taxpayer); *Farr v. U.S.*, 990 F.2d at 456 (holding that worker's compensation funds turned over by employer were exempt from IRS levy, and therefore employer was not immune under 26 U.S.C. § 6332(e)). In this case, Travis responded to an IRS's notice of levy and there is no evidence of any exemption or other defense that would have prohibited her compliance. *See* Aff. of Crossman, Ex. 9, Docket No. 19.

## **RECOMMENDATION**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY RECOMMENDED that:**

1)  Plaintiff's Motion to Remand (Docket No. 9) be **DENIED**;

2)  Defendant Crossman's Motion for Summary Judgment (Docket No. 14) be **GRANTED**;

3)  Defendant Travis's Motion for Summary Judgment (Docket No. 22) be **GRANTED**; and

4)  Plaintiff's Complaint be **DISMISSED** with prejudice.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho Loc. Civ. R. 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: April 30, 2008

Honorable Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 15**